IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALEB LEGRAND, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CELEBRITY HOME LOANS, LLC, | ) |
| | ) |
| Defendant. | ) |

**PETITION TO CONFIRM ARBITRATION AWARD**

Caleb LeGrand ("Plaintiff" or "LeGrand") files this petition to confirm an arbitration award under the Federal Arbitration Act, and respectfully states as follows:

**INTRODUCTION**

1. Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 *et seq.*, Plaintiff seeks an order confirming an arbitration award dated December 12, 2024—rendered after a final hearing on the merits between the parties. Plaintiff also seeks the entry of a judgment under that award.

2. Plaintiff Caleb LeGrand, with other claimants, initiated an arbitration proceeding against Defendant Celebrity Home Loans, LLC ("CHL") with JAMS in Chicago, Illinois for breach of contract and withholding of wages, seeking severance payments from CHL. Declaration of David D. Leishman ("Leishman Decl."), ¶ 4.

**BACKGROUND**

3. Plaintiff was employed by CHL and subject to an Employment Agreement (the "Employment Agreement") which entitled him to, among other things, a severance payment upon

1

his separation from employment for any reason. Leishman Decl., ¶ 2; **Exhibit A, Employment Agreement with Arbitration Provision**. Plaintiff separated from CHL in January 2023 and thereafter commenced arbitration against CHL seeking severance payments due under his Employment Agreement. Leishman Decl., ¶ 4.

4. On December 12, 2024, a JAMS arbitrator issued an award in favor of Plaintiff LeGrand and granted monetary relief in the amount of $77,497.48 to reflect the fees and costs of arbitration. Leishman Decl., ¶ 5; **Exhibit B, Arbitration Award**.

## PARTIES

5. Upon information and belief, Celebrity Home Loans, LLC is a limited liability company with its headquarters in St. Thomas, U.S. Virgin Islands, and a subsidiary of Celebrity Financial, Inc., which has headquarters in this District. CHL regularly transacts business in this District.

6. Plaintiff Caleb LeGrand is a citizen of South Carolina.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

8. Jurisdiction and venue are proper in this Court. This Court has personal jurisdiction over all parties because CHL regularly performs business in the state of Illinois. *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000) ("The venue provisions of the Federal Arbitration Act (FAA) are permissive, permitting a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district

proper under the general venue statute, and do not restrict such a motion to the district where the award was made.").

## ARGUMENT

9. On a timely filed motion to confirm an arbitration award with the proper attachments, the Court should affirm the award unless there are grounds to modify, correct, or vacate the award. *See* 9 U.S.C. §§ 9, 13; *Hughes Socol Piers Resnick & Dym, Ltd. v. G3 Analytics, LLC*, 336 F. Supp. 3d 924, 930 (N.D. Ill. 2018).

10. A petition to confirm an arbitration award must be filed within one year after the award is made. 9 U.S.C. § 9. A motion to modify, correct, or vacate an arbitration award must be made within three months after the award is filed or delivered. *Id*. § 12. In this case, the award was issued and delivered on December 12, 2024, and Plaintiff filed this motion to confirm the award on January 28, 2024. To date, CHL has not moved to modify, correct, or vacate the award. Failure to file such a motion results in forfeiture of the right to judicial review of the arbitration award. *Hughes Socol Piers Resnich & Dym* at *931. Plaintiff's motion to confirm is therefore timely.

11. Even if a motion to modify, correct, or vacate were to be filed, there are no grounds for modifying, correcting, or vacating the award, and the arbitration panel's decision and award are correct. *See* 9 U.S.C. § 9. The Court may only vacate an award if it was procured by corruption, fraud, or undue means, the arbitration panel displayed evident partiality or corruption, procedural misconduct, or if the arbitration panel exceeded its power. *See* 9 U.S.C. § 10. The Court may only modify or correct an award that contains an evident miscalculation, resolves a matter that was not submitted in the arbitration, or if there is an error in the form of the award. *See* 9 U.S.C. § 11. None of these circumstances are present here. The Court must therefore confirm the arbitration panel's award.

## PRAYER FOR RELIEF

Plaintiff respectfully request that this Court:

1. Enter an order pursuant to 9 U.S.C. § 9 granting Petitioners' motion and confirming the Award issued on December 12, 2024;

2. Enter a final judgment in favor of Caleb LeGrand and against Celebrity Home Loans, LLC, in the amount of $77,497.48 in accordance with the Award; and

3. Award Plaintiff all other relief the Court deems just and proper.


Dated: January 28, 2025

Respectfully submitted,

*/s/ David D. Leishman*
Joel H. Spitz
David D. Leishman
MCGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
jspitz@mcguirewoods.com
dleishman@mcguirewoods.com
Tel: (312) 849-8100 / Fax: (312) 849-3690

*Attorney for Petitioners*